1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC H. NGUYEN,

                Plaintiff,

    v.

HUNG Q. NGUYEN, et al.,

                Defendants.

No.  2:24-cv-02155-TLN-SCR

ORDER

      Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned by Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP").   However, the application is largely incomplete and does not provide the information necessary for the Court to make a determination.  *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court will defer ruling on the motion to proceed IFP and direct Plaintiff to provide a complete application.  For the reasons provided below, the Court also finds Plaintiff's complaint is legally deficient but will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.    Legal Standard

      The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

1  556 U.S. 662, 678 (2009).

2  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

3  state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

4  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

6  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

7  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*

8  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

9  B.  The Complaint

10  Plaintiff's complaint names four individual defendants. ECF No. 1 at 2-3. The complaint

11  asserts no basis for the Court's jurisdiction. *Id.* at 3. Plaintiff completes some of the information

12  for the diversity of citizenship portion of the form complaint, but in so doing asserts that all

13  parties are citizens of California. *Id.* at 4-5. Plaintiff also does not plead an amount in

14  controversy. *Id.* at 5. The Statement of Claim is largely undecipherable. Only one defendant is

15  mentioned in the Statement, and then there are phrases such as "hidden convicted killer," "killing

16  dad and brother," "harassing every day," and "crook gold coin." *Id.* at 5.

17  C.  Analysis

18  The complaint does not sufficiently plead a jurisdictional basis or state a claim upon

19  which relief can be granted. If Plaintiff is claiming diversity of citizenship jurisdiction, his

20  allegations are lacking. He pleads all the parties are citizens of California. *See Caterpillar Inc. v.*

21  *Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship"

22  where "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

23  The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it

24  does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or

25  a short and plain statement showing plaintiff's entitlement to relief. The exact nature of

26  Plaintiff's claim is unclear from the complaint. As currently pled, the complaint appears to have

27  no arguable basis either in law or in fact, and is thus frivolous. *Neitzke v. Williams*, 490 U.S. 319,

28  325 (1989).

3

Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar*, 698 F.3d at 1212. Here, Plaintiff's complaint is so lacking in factual detail, that the Court cannot determine what it is attempting to allege or whether amendment would be futile. Therefore, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

4

1    supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

2    Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

3    original complaint, each claim and the involvement of each defendant must be sufficiently

4    alleged.

5                                III.  CONCLUSION

6           Accordingly, **IT IS HEREBY ORDERED** that:

7       1.  Plaintiff shall file a properly completed application to proceed in forma pauperis **within**

8           **30 days** of the date of this Order.  Plaintiff shall complete all portions of the application

9           and if the answer to a question is zero or not applicable, Plaintiff shall so indicate rather

10          than leaving the form blank; and

11      2.  Plaintiff **shall have 30 days from the date of this Order** to file an amended complaint

12          that addresses the defects set forth above.  The amended complaint must include a

13          sufficient jurisdictional statement and comply with Rule 8.  If Plaintiff fails to timely

14          comply with this order, the undersigned may recommend that this action be dismissed.

15      3.  Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice

16          of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil

17          Procedure.

18          SO ORDERED.

19   DATED: October 15, 2024

20

21                                     SEAN C. RIORDAN
                                       UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                          5